UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHERON GLADNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01495-TWP-DKL |
| ) | |
| BRIAN SMITH, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on the Petition for Writ of Habeas Corpus challenging a prison disciplinary proceeding identified as No. IYC 13-05-0077 filed by Petitioner Sheron Gladney ("Gladney"). For the reasons explained in this Entry, the Petition must be **DENIED**.

### I. BACKGROUND

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B.** **The Disciplinary Proceeding**

On May 11, 2013, Officer M. Trent wrote a Report of Conduct (the "Conduct Report") that charged Gladney with class B offense 212, which is assault on another person without a weapon or inflicting bodily injury. The Conduct Report states:

> On 5-11-2013 I, Officer M. Trent, was working the Visiting Room Control Desk of Plainfield Correctional Facility. At approximately 12:25pm, I Officer M. Trent did clearly observe Offender Gladney, Sheron 952465 holding his son, Dheron Gladney, against the east side transparent partition around the small children's interaction area of the Plainfield Correctional Facility Visiting Room. From there, Offender Gladney immediately did strike his son, Dheron Gladney, with his open left hand Dheron Gladney's right cheek (facial area). At this time, I walked directly toward Offender Gladney to intervene in the situation. Offender Gladney observed that I was walking towards him and got up from the floor and rushed to his seat. I did inform him and his visitors that I was ending their visit. Offender Gladney was escorted to the shift office for interview, processed at the Health Services Unit for segregation and the [sic] escorted to the segregation unit pending this charge.

(Filing No. 8-1.)

Correctional Officer Aaron Dale provided a statement that corroborated the account in the Conduct Report. The statement reads:

> On 5/11/2013 at 12:25 pm, I Officer Aaron Dale (Visiting room Officer) witnessed Offender Gladney, Sheron #952465 using an open hand slapping motion on a young child in the Visiting Room Childs play area that caused the child's head to hit the glass partition of the play area. I and Officer Michael Trent immediately stopped the Offenders [sic] visit and sent the visitor out of the Visiting Room. Offender Gladney was escorted to the Shift Supervisors for questioning about the situation when Offender Gladney stated "yea I popped him in the mouth for spitting on me" [sic] Offender Gladney was then placed in mechanical restraints and escorted to Segregation Pending [sic] an Investigation [sic].

(Filing No. 8-5.)

On May 12, 2013, Gladney was notified of the charge of class B offense 212, assault/battery, when he was served with a copy of the Conduct Report. At that same time, a correctional officer also discussed the Notice of Disciplinary Hearing ("Screening Report").

2

Gladney was notified of his rights, pled not guilty, indicated he wished to have a lay advocate, and requested a witness statement and any video recording.

The hearing officer conducted a disciplinary hearing on May 18, 2013. In his written comment, Gladney stated:

> I was playing and wrestling with my son. I went to grab him and touched his shoulder when he jumped back. We have wrestled around for years. PO Trent scared my son and my wife couldn't understand what happened. I got locked up because I was arguing with the Captain.

(Filing No. 8-7.)

The hearing officer found Gladney guilty of class B offense 212, battery. In doing so, the hearing officer relied on the offender statement, witness statements, and staff reports. The recommended and approved sanctions included 90 days in disciplinary segregation (suspended but imposed), 90 days earned credit time deprivation, and demotion from credit class 1 to credit class 2, due to the seriousness of the offense. (Filing No. 8-7.)

Gladney appealed to the Facility Head. In his appeal, Gladney states that he did not commit a battery. He explained that on May 12, 2013, an officer delivered the Conduct Report to him. Gladney advised the officer that witnesses observed the incident and he wanted to arrange for their statements to be read at his hearing. He stated that these requests were ignored. He also complained that he was not advised of his rights as set forth in the Screening Report. The Facility Head denied the appeal on July 1, 2013. Gladney appealed to the Final Reviewing Authority, who denied his appeal by letter dated July 12, 2013.

**C.     Analysis**

Gladney brings a petition for habeas relief on the grounds that (1) he was not given notice of the offense prior to the disciplinary hearing or allowed to present evidence; and (2) the evidence did not support the finding of guilt.

Gladney alleges that he was denied due process of law because he was never screened on the offense prior to the disciplinary hearing and because he was denied evidence. To satisfy the due process requirement in a habeas corpus proceeding, a prisoner must be issued advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, and the opportunity to call witnesses and request documentary evidence. *Wolff*, 418 U.S. at 566; *see also Hill*, 472 U.S. at 454.

Even if Gladney was not given a written copy of the Screening Report, he was provided with a copy of the Conduct Report which gave him advance written notice of the charges. Any failure to provide Gladney with a personal copy of the Screening Report prior to the disciplinary hearing does not entitle him to relief.

In addition, Gladney was given the opportunity to request and present evidence. The Screening Report indicates that Gladney was notified on May 12, 2013, that he was charged with "212 assault/battery" and that he had numerous rights for purposes of the hearing. Among those rights enumerated to Gladney were the right to request witnesses, and the right to present evidence on his behalf. (Filing No. 8-3.) Indeed, Gladney indicated at that time that he wanted to call Offender Onterio Harris as a witness to testify "That I popped him for spitting [n]ot all that." (Filing No. 8-3.) Thereafter, Offender Harris provided a statement that he "seen everything and doesn't feel he did anything to get into trouble." Gladney requested Kenneth Taylor to be his lay advocate, who agreed to do so. Finally, the hearing officer noted that Gladney offered a statement for the hearing as follows: "I was playing and wrestling with my son. I went to grab him and touched his shoulder when he jumped back. We have wrestled around for years. PO Trent scared my son and my wife couldn't understand what happened. I got locked up because I was arguing with the Captain."

The hearing officer specifically stated that he considered this statement, as well as the witness statement and staff reports, in rendering a decision. It is clear from the record that contrary to his claim on appeal, Gladney was informed of the allegations against him and was afforded the opportunity to request evidence. He was permitted to obtain witness statements on his behalf, including the specific statement he requested.

Further, even if Gladney was denied any particular evidence, he has failed to state the names of the witnesses he would have requested or what any other evidence would have shown. Without a showing of prejudice, Gladney cannot demonstrate a violation of due process. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (denial of evidence harmless unless prisoner shows that evidence could have aided his defense). Gladney is not entitled to habeas relief because he was afforded due process and has failed to demonstrate prejudice for any violation.

There is also no question that the evidence was sufficient to support the guilty finding. Gladney received due process because there was "some evidence" to support the charge. *See Hill,* 472 U.S. at 454. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content and surrounding circumstances of the Conduct Report and Statement of Correctional Officer Aaron Dale that Gladney was guilty of assault/battery by striking his son with an open hand on the face. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the … [conduct board's] decision only if no reasonable adjudicator could have found … [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

## II. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Gladney to the relief he seeks. Accordingly, Gladney's Petition for a Writ of Habeas Corpus must be **DENIED** and the action **DISMISSED**. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 11/20/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Sheron Gladney, 952465
Indianapolis Re-Entry Educational Facility
401 North Randolph Street
Indianapolis, Indiana 46201

Marjorie H. Lawyer-Smith
OFFICE OF THE INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov